UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| Shayna Elyse Sanders<br>            Plaintiff, | Case No. 19-cv-12475 |
| v. | Paul D. Borman<br>United States District Judge |
| Andrew Saul, Comm'r of Social Security, | Patricia T. Morris<br>United States Magistrate Judge |
|             Defendant.<br>_____/ | |

OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO.17.); DENYING PLAINTIFFS MOTION FOR SUMMARY JUDGMENT (ECF NO.13.); GRANTING THE COMMISIONER'S MOTION FOR SUMMARY JUDGEMENT (ECF NO. 15.), AND AFFIRMING THE COMMISSIONER'S FINAL DECISION

**I.     Introduction**

On July 22, 2020, Magistrate Judge Patricia T. Morris issued a Report and Recommendation addressing the cross motions for summary judgment in this action. (ECF No. 17, Report and Recommendation.) In the Report and Recommendation, Magistrate Judge Morris recommended that the Court deny Plaintiff's Motion for Summary Judgment (ECF No. 13, Plaintiff's Motion for Summary Judgment), grant the Commissioner's motion (ECF No. 15, Commissioner's Motion for Summary Judgment), and affirm the Commissioner's

1

final decision. On August 5, 2020, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. (ECF No. 18, Plaintiff's Objections) The Commissioner filed a response to Plaintiff's objections on August 19, 2020. (ECF. No. 19, Commissioner's Response.)

Having conducted a *de novo* review of parts of the Magistrate Judge's Report and Recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), this Court REJECTS plaintiff's objections and ADOPTS the Report and Recommendation of Magistrate Judge Morris that adopts the findings of the Commissioner.

## II. Factual Background

Magistrate Judge Morris thoroughly lays out the factual background in her Report and Recommendation, and the plaintiff has not specifically objected to the factual background section of the Report and Recommendation, so this Court adopts that section in full. (ECF No. 17 PgID.766–791.)

## III. Standard of Review

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objection" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich.

2

2004). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are "supported by substantial evidence" and made "pursuant to proper legal standards." *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(g) and *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance") (internal quotation marks omitted). "If the Commissioner's decision is supported by substantial evidence, [the court] must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007)

(quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

"Judicial review of the Secretary's findings must be based on the record as a whole." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001)). It is also the case that "an ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party. Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (quoting *Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)).

### IV.   Analysis

#### a. Rehash of Arguments Previously Made

Defendants argue that the court should reject Plaintiff's objections because they "merely rehash arguments she made in her motion for summary judgment (ECF No. 13.)," citing *Biermaker v. Comm'r of Sec. Sec.* ("the Court notes that a general objection that merely rehashes the argument previously made by the party is insufficient to alert this Court to any alleged error"). (ECF No. 19 PgID.815, Commissioner's Response.)

District courts in this Circuit have rejected reaching the substance of objections to a Magistrate Judge's Report and Recommendation where the plaintiff submitted written objections "nearly identical" to the prior summary judgment motion presented to the Magistrate Judge. *Potter v. Comm'r of Soc. Sec.,* 2015 WL 452173, at *4 (E.D. Mich. 2015); *see also*, *Markgraff v. Comm'r of Soc. Sec.,* 2018 WL 654838, at *2 (E.D. Mich. 2018) ("Plaintiff's Objection includes arguments drawn almost in their entirety from his motion for summary judgment. They merely rehash the same arguments presented to the Magistrate Judge. The Court is not obligated to reassess the identical arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation.")

In her motion for summary judgment, plaintiff presented the following issues:

> 1. Whether the administrative law judge erred in his evaluation of the opinion of long-term Treating Psychiatrist Bright where the opinion was consistent with the longitudinal record and the administrative law judge failed to consider this opinion under the factors described in the regulations, instead substituting his own lay interpretation of the record for expert opinion?
>
> 2. Whether the administrative law judge erred in relying on Ms. Sanders' purported activities of daily living where he failed to draw a nexus between these activities and Ms. Sanders' ability to sustain such activities on a regular and continuing basis?

In her Objections to the Magistrate Judge's Report and Recommendation, Plaintiff makes the following arguments:

5

> 1. The ALJ did not properly consider Dr. Bright's opinion evidence. Plaintiff claims the Magistrate Judge misstated her argument, but that the plaintiff's argument rests on the failure of the ALJ to address the regulatory factors in 20 C.F.R. 416.927(c).
> 2. The ALJ did not properly consider activities of daily living. Plaintiff argues the ALJ mischaracterized plaintiffs' daily activities such as attending college class(es) and running errands.

This Court notes that despite making nearly identical arguments in both pleadings, Plaintiff does address the Magistrate Judge's report in her objections. This Court will therefore not reject the objections on this ground.

### b. Plaintiff's Objections

Plaintiff has advanced two principal objections to the Magistrate Judge's Report and Recommendation: (1) The ALJ did not properly consider Dr. Jessica Bright's opinion evidence, and (2) The ALJ did not properly consider the Plaintiff's activities of daily living. (ECF No. 18.) Plaintiff also brings issue with the ALJ and Magistrate Judge's discussion of Plaintiff's mental health and its effect on medication compliance. (ECF No. 18 PgID.806.)

#### i. Objection 1: The ALJ Did Not Properly Consider Opinion Evidence

Plaintiff claims the ALJ failed to apply the correct legal standard in weighing treating physician Jessica Bright's opinion because the ALJ "failed to address the regulatory factors in a meaningful way." (ECF No. 18 PgID.802–03, 809.)

The "treating source rule" is a "mandatory procedural protection" that requires an ALJ to give sufficient explanation, in accordance with certain regulatory factors, for disregarding the opinion of a treating physician. *Sawdy v. Comm'r of Soc. Sec.*, 436 F. App'x 551, 555 (6th Cir. 2011). Those regulatory factors are laid out in 20 C.F.R. § 404.1527(d) and are, "namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004).

The regulations require that beyond supplying "good reasons" that are "sufficiently specific" to explain to any future reviewers the reasons for discounting the opinion, ALJs are not required to perform an exhaustive "factor-by-factor analysis." *Francis v. Comm'r Soc. Sec. Admin.*, 414 F.App'x 802, 804 (6th Cir 2011); *see also Webb v. Comm'r of Soc. Sec.*, 2017 WL 1164708, at *7 (E.D. Mich. March 29, 2017) ("[T]here is no *per se* rule that requires a written articulation of each of the six regulatory or "*Wilson* factors"); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004).

ALJ D'Amato, contrary to plaintiff's claims, sufficiently supported his decision to afford only some weight to Dr. Bright's opinion using the correct regulatory factors. (ECF No. 11 PgID.62–63.) While he may not have completed an

exhaustive factor-by-factor analysis, he is not required to. *Francis v. Comm'r Soc. Sec. Admin.*, 414 F.App'x 802, 804. First, the ALJ considered the supportability of Dr. Bright's opinion, noting that, "[Dr. Bright] appears to rely quite heavily on the claimant's subjective statements and the evidence of record from the period prior to the claimant's application date." (ECF No. 11 PgID.63.) The ALJ further explained his reasoning: "Specifically, Dr. Bright acknowledged that she completed the statement with the assistance of the claimant and for most categories, Dr. Bright noted that claimant's subjective statements regarding her limitations." (*Id.*) The ALJ also considered that Dr. Bright's conclusion that the claimant has required a highly structured setting was based on her mental health hospitalizations from 2009–2015, before plaintiff's application date. (*Id.*)

Second, ALJ D'Amato considered the consistency of Dr. Bright's records with Dr. Bright's complete record and the record as a whole. The ALJ pointed out that "Dr. Bright's own treatment notes indicate that the claimant has been behaviorally stable with medication compliance . . . ." (ECF No. 11 PgID.63.) The ALJ notes that on the whole, "the evidence of record supports that the claimant's symptoms improved with medication compliance, and Dr. Bright's assessment is generally inconsistent with the evidence . . . demonstrating this improvement." (*Id.*)

8

These explanations amount to "good reasons" that are "sufficiently specific" to explain to any future reviewers the reasons for discounting the opinion. This objection is therefore rejected.

### ii. Objection 2: The ALJ Did Not Properly Consider Activities of Daily Living

In her objections to the Magistrate Judge's Report and Recommendation, Plaintiff objects to the ALJ's characterization of her daily living activities and questions the conclusion that her performance of these activities is consistent with the ability to perform the range of work identified by the ALJ. (ECF No. 18 PgID.810.) First, Plaintiff brings issue with the ALJ's statements that Plaintiff was attending college "classes," (plural) instead of just one class at a time. (*Id.*) Plaintiff contends that despite the record showing that she has at times taken more than one college class in one semester, her taking more than one class "says nothing about her ability to sustain work in these courses." (*Id.*) Further, Plaintiff argues that the routine errands such as driving her sister to work, going to the gym, and attending college classes she performed regularly were "directed by the family," and that she needed help to figure out details such as how to use parking meters. (ECF No. 11 PgID.63–64; ECF No. 18 PgID.810.)

The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to

reversal merely because there exists in the record substantial evidence to support a different conclusion. *Buxton v. Halter, Commissioner of Social Security,* 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. *Elkins v. Secretary of Health and Human Services,* 658 F.2d 437, 439 (6th Cir. 1981).

Plaintiff's contention that the ALJ mischaracterized the daily activities, while highlighting evidence that may support a finding of disability, cannot overturn the decision of an ALJ properly supported by substantial evidence. *Buxton v. Halter, Commissioner of Social Security,* 246 F.3d 762 (6th Cir. 2001). Based on Plaintiff's reported daily activities and evidence found elsewhere in the medical record, the ALJ points to substantial evidence supporting the commissioner's finding that Plaintiff is able to perform some job functions. (ECF. No. 11 PgID.64–65.) The ALJ's characterization of and determination of the significance of Plaintiff's daily activities remain consistent with the overall medical record, and the ALJ's consideration and discussion of these issues are sufficient to meet his burden under the substantial evidence standard.

### iii.  Mental Health and Medication Compliance

Plaintiff brings issue with the ALJ and Magistrate Judge's discussion of Plaintiff's mental health and its effect on medication compliance. (ECF. No. 18 PgID.806.) The Report and Recommendation determined Plaintiff's mental impairments responded well to medication, and that "impairments that are controllable or amenable to treatment cannot support a finding of disability." (ECF No. 17 PgID.798.) Plaintiff objects by pointing to cases where noncompliance with medication was the result of the mental impairment, and therefore a justifiable excuse for noncompliance. (ECF. No. 18 PgID.805.) citing *Pates-Fire v. Astrue*, 564 F3d 935, 945 (8th Cir. 2009).

In the Sixth Circuit, there is no per se rule that the existence of a mental impairment constitutes an acceptable reason for failure to follow prescribed treatment. *Smith v. Astrue*, 2012 WL 6607007 at *5 (N.D. Ohio 2012). Plaintiff must establish evidence that her mental impairment caused her failure to take the prescribed medication. *Black v. Comm'r of Soc. Sec.*, 2013 WL 6837193, at *4 (N.D. Ohio 2013). In *Burge*, a District Court in the Northern District of Ohio held that "to establish a severe mental impairment as an acceptable reason excusing a claimant's adherence to a medical regimen including prescription psychiatric medications, the record must contain evidence expressly linking noncompliance with the severe mental impairment." *Burge v. Comm'r of Soc. Sec.,* 2013 WL 6837192, at *3 (N.D. Ohio 2013).

Plaintiff points out that the record repeatedly shows that due to her disorder, Plaintiff lacked insight into her condition. (ECF. No. 18 PgID.806.) The ALJ noted that her documented hospitalizations were the result of non-compliance with medication. (ECF. No.11 PgID.59.) Despite these arguments, the ALJ properly pointed to substantial evidence in the record that showed Plaintiff experienced significant periods of medication compliance and improvements in her symptoms as a result of that medication compliance, notably in recent times. (ECF No. 11 PgID.60–63.)

The Commissioner is correct to note that despite Plaintiff's valid concern that her disorder may be a cause of noncompliance, "impairments that are controllable or amenable to treatment cannot support a finding of disability," and that this rationale is applicable to mental impairments. (ECF. No. 19 PgID.818.) citing, e.g. *Murray v. Comm'r of Soc. Sec.*, 2009 WL 1856538, at *3 (E.D. Mich. 2009) (finding it "significant" that the claimant's "symptoms of depression, anxiety and ADD were controlled with medications.").

As there is significant evidence in the record the ALJ addresses that establishes Plaintiff has been compliant with her medication in recent times and that there are improvements in her symptoms and functioning with compliance, he has satisfied his burden under substantial evidence.

Accordingly, this court ADOPTS the Magistrate Judge's Report and Recommendation, DENIES Plaintiff's motion for summary judgment, GRANTS the Commissioner's motion for summary judgment and AFFIRMS the Commissioner's report.

s/Paul D. Borman<br>
Paul D. Borman<br>
United States District Judge

Dated: September 25, 2020